UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1189 AGF |
| | ) | |
| THOMAS F. SIMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Reginald Morgan for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff Reginald Morgan[1] brings this action under 42 U.S.C. § 1983. Named as defendants are Thomas Simon (Clerk of the Missouri Supreme Court), and Laura Thielmeier Roy (Clerk of the Missouri Court of Appeals, Eastern District). The complaint seeks monetary relief.

Plaintiff, a civilly committed resident at the St. Louis Psychiatric Rehabilitation Center, alleges that he has been attempting to secure his release by filing petitions in

---

[1]The Court notes that plaintiff also listed Robert Priester as a plaintiff on the original complaint. However, Priester did not sign the complaint. The Court subsequently ordered Priester to sign the complaint. Priester has since responded that he does not wish to be a party to this action. As a result, the Court will treat this action as if Morgan is the only named plaintiff.

the state courts. Plaintiff claims that defendants "have been blocking [his] discharge through prowess court season ability." Plaintiff says that defendants refused to or failed to process his court materials because those materials failed to comply with court rules.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The instant complaint fails to state a prima facie case under § 1983 because the allegations do not rise to the level of a constitutional violation.

Additionally, the filing of motions and notices of appeal is an integral part of the judicial process. As a result, defendants are protected by judicial immunity from damages for alleged civil rights violations committed in connection with the performance of such tasks. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989). As a result, the complaint is legally frivolous, and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE